2030 W. SPOFFORD
SPOKANE, WA 99205
INDIGENT DISABLED
UNLAWFULLY INCARCERATED
PRISONER & PLAINTIFF

MO-FJ-41
DATE: 6/10/05
TIME: 19:00

U.S. DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

DUNCAN T. MCNEIL, III,
        PLAINTIFF

v.

UNITED STATES, AND IT'S
OFFICERS AND AGENCIES;
CLERK - U.S. DISTRICT
COURT - SD-WV ; CLERK -
U.S. BANKRUPTCY COURT -
SD-WV ; U.S. ATTORNEY -
SD-WV; OFFICE OF U.S.
TRUSTEE - SD-WV; U.S.
MARSHAL SERVICE - SD-
WV ; FBI - SD-WV; IRS-
SD-WV ; SECRET SERVICE -
SD-WV ; AND THEIR
OFFICERS,
        DEFENDANTS.

CASE NO: 2:05-0498

VERIFIED COMPLAINT FOR:
① TO COMPEL OFFICERS/
AGENCIES OF THE U.S. TO
PERFORM DUTIES PURSUANT TO
28 U.S.C. § 1361;
② DECLARATORY JUDGMENT
PURSUANT TO 28 U.S.C. § 2201;
③ FOR ENTRY OF JUDGMENTS
GRANTING FULL FAITH & CREDIT
PURSUANT TO U.S. CONST. ART IV
§ 1 AND 28 U.S.C. § 1738;
④ FOR RELIEF FROM VOID
JUDGMENTS AND ORDERS
PER 28 U.S.C. § 1655 ;
⑤ FOR ENFORCEMENT OF
JUDGMENTS AGAINST DEFENDANT
PURSUANT TO FRCP 71, 69(a) &
70 ;
⑥ CORRECTION OF AGENCY
RECORDS PURSUANT TO
5 U.S.C. § 552a(g) ;
⑦ FOR INJUNCTION PER FRCP
65 AND FOR APPOINTMENT OF
A MASTER PER FRCP 53(b) ;
⑧ FOR DAMAGES, COSTS AND
ATTORNEY FEES.
JURY TRIAL DEMANDED

FILED
JUN 20 2005
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

PG 1 OF 22

# I. Jurisdiction & Venue

1.1 This court has jurisdiction over this action pursuant to 28 U.S.C. §1301.

1.2 Venue is proper in this court as one or more of the Defendants as Government Officers or Agencies resides in or has it's office of operation in this district, and one or more of the acts complained of occurred in this district.

1.3 That plaintiff is an "Officer of the United States" as defined by 42 U.S.C § 1985(1), appointed pursuant to 11 U.S.C § 1123 (b)(3)(B), as the disbursing agent, liquidating trustee, and general manager of reorganized debtor Broadway Buildings II L.P., pursuant to orders of the U.S. Bankruptcy Court, Central District of California, Case No. LA 98-18082, entered 3/19/99 and 6/16/99.

1.4 That plaintiff is a "Qualified Individual" with an

1  ESTABLISHED DISABILITY, ENTITLED
2  TO REASONABLE ACCOMMODATIONS FROM
3  THE DEFENDANTS, AND THIS COURT,
4  AND THE EQUAL PROTECTION CLAUSE
5  OF THE 14th AMEND. OF THE U.S.
6  CONST.
7       1.5  THAT PLAINTIFF IS A RESIDENT
8  OF SPOKANE, WA, AND IS PRESENTLY
9  UNLAWFULLY INCARCERATED IN
10  SPOKANE COUNTY JAIL, IN VIOLATION OF
11
12  HIS CIVIC & CONSTITUTIONAL RIGHTS,
13  IN RETALIATION FOR HAVING ATTEMPTED
14  TO EXERCIZE HIS CONSTITUTIONALLY
15  PROTECTED RIGHTS.
16       1.6  THAT THIS COURT FURTHER HAS
17  JURISDICTION IN THIS MATTER PURSUANT TO
18  28 U.S.C § 2201, U.S. CONST ART IV §1 ; 28
19  U.S.C. §1738, 28 U.S.C. § 1655, AND
20  5 U.S.C. § 552a (g).
21
22
23
24
25
26
27
28

PETITIONER & RESPONDENTS "DUTIES"

## II. PLAINTIFFS & DEFENDANTS "DUTIES"

2.1 THE PLAINTIFF IS THE LAWFUL OWNER, OWNER AND TRUSTEE, AS TO THE FOLLOWING "FOREIGN JUDGMENTS" REGISTERED IN THE FOLLOWING ACTIONS:

(a) UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF WASHINGTON, CASE NO. MC-02, FILED 3/21/02;

(b) UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF WASHINGTON, CASE NO. 04-427, FILED 5/16/02;

(c) UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF WASHINGTON, CASE NO. 02-103, FILED 10/17/02;

(d) UNITED STATES DISTRICT COURT FOR DISTRICT OF IDAHO, CASE NO. MC-05114, FILED 12/27/00; AND

(e) SPOKANE COUNTY SUPERIOR COURT CASE NO. 02-2-02825-4, FILED 5/7/02; WITH ALL OF THE FOREGOING BEING HEREINAFTER COLLECTIVELY REFERRED TO AS "FOREIGN JUDGMENTS".

2.2. THAT THE PLAINTIFF AND THE DEFENDANTS EACH ACQUIRED CERTAIN DUTIES PURSUANT TO THE "FOREIGN JUDGMENTS"

1    2.3. THAT BASED UPON THE
2    "FOREIGN JUDGMENTS" ON 1/30/01
3    IN CASE NO. CS-97-435-BHW, A
4    "STIPULATED ORDER RE: LIABILITY AND DAMAGES" WAS
5    ENTERED (HEREIN AFTER "ATTACHED EXECUTION")

6    2.4. THAT THE ATTACHED MONEY JUDGMENT
7    IS HEREIN AFTER REFERRED TO AS
8    "ATTACHED EXECUTION".

9    2.5. THAT DEFENDANTS HAVE
10   A CONSTITUTIONAL DUTY, AS A MINISTERIAL
11   NON-DISCRETIONARY DUTY, TO GRANT
12   FULL FAITH & CREDIT TO THE "FOREIGN
13   JUDGMENTS" AND THE "ATTACHED
14   EXECUTION", PURSUANT TO U.S.
15   CONST. ART IV § 1.

16   2.6 THAT DEFENDANTS HAVE
17   A STATUATORY DUTY, AS A MINISTERIAL
18   NON-DISCRETIONARY DUTY, TO GRANT
19   FULL FAITH & CREDIT TO THE "FOREIGN
20   JUDGMENTS" AND THE "ATTACHED
21   EXECUTION", PURSUANT TO 28 U.S.C.
22   § 1738.

23   2.7 THAT THE DEFENDANTS HAVE
24   A STATUATORY DUTY, AS A MINISTERIAL
25   NON-DISCRETIONARY, TO ~~EXECUTE~~
26   ~~AND ENFORCE~~ ISSUE EXECUTION
27   AND ENFORCEMENT AS TO THE
28   "FOREIGN JUDGMENTS" AND THE

PG 5 OF 22

"ATTACHED EXECUTION" PURSUANT TO
FRCP RULE 69.

2.8 THAT THE DEFENDANTS HAVE
A STATUTORY DUTY, AS A MINISTERIAL
NON-DISCRETIONARY DUTY, TO ENFORCE
THE REIMPOSED AUTOMATIC STAY,
ESTABLISHED BY THE "FOREIGN
JUDGMENTS" AND THE "ATTACHED
EXECUTION" PURSUANT TO 11 U.S.C § 362

2.9 THAT THE DEFENDANTS
HAVE A STATUTORY DUTY, AS A
MINISTERIAL NON-DISCRETIONARY
DUTY TO ENFORCE THE DISCHARGE
AND DISCHARGE INJUNCTION
ESTABLISHED BY THE "FOREIGN
JUDGMENTS", AND THE "ATTACHED
EXECUTION", PURSUANT TO 11
U.S.C § 524 AND 11 U.S.C § 1141.

2.10 THAT THE DEFENDANTS
HAVE OTHER CONSTITUTIONAL,
STATUTORY, REGULATORY DUTIES,
AS MINISTERIAL NON-DISCRETIONARY
DUTIES AS TO THE ENFORCEMENT
AND EXECUTION OF THE "FOREIGN
JUDGMENTS" AND THE "ATTACHED
EXECUTION", AS PROVIDED BY LAW.

2.11 THAT THE DEFENDANTS
HAVE BREACHED THEIR DUTIES AND

# 6 OF 22

PG

1  OBLIGATION AS TO THE "FOREIGN
2  JUDGMENTS" AND THE "ATTACHED
3  EXECUTION".
4       2012 THAT PURSUANT TO
5  WAC 446-20-050(1)(b), RCW 10.97,
6  WAC 446-20, AND 5 U.S.C § 552a,
7  THE DEFENDANTS HAVE A
8  STATUTORY DUTY TO ~~CREATE~~ CREATE
9  MAINTAIN, CORRECT AND DISSEMINATE
10  ACCURATE RECORDS AS TO THE
11  PLAINTIFF, THE "FOREIGN JUDGMENTS"
12  AND THE "ATTACHED EXECUTION".
13       2013 THAT THE DEFENDANTS
14  HAVE BREACHED THEIR DUTY TO
15  CREATE, MAINTAIN, CORRECT AND
16  DISSEMINATE ACCURATE RECORDS,
17  AS TO THE PLAINTIFF, THE
18  "FOREIGN JUDGMENTS" AND THE
19  "ATTACHED EXECUTION", IN
20  VIOLATION OF RCW 10.97, WAC
21  446-20 AND 5 U.S.C § 552a.
22       2.14 THAT THE DEFENDANTS
23  HAVE FAILED TO MAKE DISCLOSURES
24  TO THE PLAINTIFF AS MANDATED BY
25  THE FOIA, (2) GRANT THE PLAINTIFF
26  ACCESS TO THE COURTS, OR AGENCY
27  ADJUDICATIVE PROCEEDINGS; (3) GRANT
28

PG 7 OF 22

1  THE PLAINTIFF REASONABLE
2  ACCOMMODATIONS, FOR AN ESTABLISHED
3  DISABILITY; (4) GRANT PLAINTIFF
4  FREEDOM FROM UNLAWFUL SEARCH,
5  AND SEIZURES OF PROPERTY of
6  PLAINTIFF; (5) CEASE AND DESIST
7  FROM UNLAWFULLY INTERFERRING
8  WITH PLAINTIFF'S LIBERTY; AND (6)
9  PROTECT THE PLAINTIFF FROM VIOLATIONS
10  OF HIS OTHER CIVIC & CONSTITUTIONAL
11  RIGHTS.
12      2.15 THE DEFENDANTS HAVE
13  FAILED AND REFUSED TO PAY TO
14  PLAINTIFF THE LIQUIDATED
15  DAMAGES OR LIQUIDATED COMPENSATION
16  AS ESTABLISHED BY THE "FOREIGN
17  JUDGMENTS" AND THE "ATTACHED
18  EXECUTION".
19      2.16 THE DEFENDANTS HAVE
20  FAILED AND REFUSED TO SURRENDER
21  OR TURN OVER REAL AND PERSONAL
22  PROPERTY VESTED IN PLAINTIFF, BY THE
23  "FOREIGN JUDGMENTS" AND THE
24  "ATTACHED EXECUTION".
25
26
27
28

# III CLAIMS

3.1 THE "DUTIES" THAT THE DEFENDANT HAVE TO THE PLAINTIFF ARE CLEAR AND INDISPUTABLE.

3.2 THE DEFENDANTS VIOLATIONS OF THEIR "DUTIES" TO THE PLAINTIFF CONSTITUTE CLEAR CONSTITUTIONAL OR STATUTORY VIOLATIONS.

3.3. THE DEFENDANTS OWE TO THE PLAINTIFF PERFORMANCE OF THEIR "DUTIES" WHICH ARE CLEAR, MINISTERIAL AND NON-DISCRETIONARY "DUTIES".

34- THE DEFENDANTS "DUTIES" TO PLAINTIFF ARE SPECIFIC, PLAIN, SIMPLE, MINISTERIAL ACTS, DEVOID OF THE EXERCIZE OF DISCRETION OR JUDGMENT, WITH PERFORMANCE SO POSITIVELY COMMANDED AND PLAINLEY PRESCRIBED THAT THE DEFENDANT'S "DUTIES" AND OBLIGATIONS ARE FREE FROM DOUBT.

3.5. THE DEFENDANT'S "DUTIES" TO THE PLAINTIFF ARE STRICTLY REQUIRED BY THE CONSTITUTION, STATUTE OR COURT RULE.

3.6 THE DEFENDANT'S "DUTIES" THAT THE PLAINTIFF SEEKS TO COMPEL ARE THE PERFORMANCE OF MINISTERIAL "DUTIES" COMPLYING WITH THEIR OWN AGENCY'S RULES & REGULATIONS.

PG 9 of 22

3.7. THE DEFENDANT'S FAILURE TO FULFILL THEIR "DUTIES" TO THE PLAINTIFF PLACES THE DEFENDANTS IN CLEAR VIOLATION OF AND A FAILURE TO COMPLY WITH THEIR OWN RULES, REGULATIONS AND PROCEDURES GOVERNING THEIR CONDUCT.

3.8. THE PLAINTIFF SEEKS THE PERFORMANCE OF CONSTITUTIONAL "DUTIES" OWED TO PLAINTIFF BY DEFENDANTS.

3.9. THE DEFENDANTS HAVE FAILED TO COMPLY WITH SPECIFIC CONSTITUTIONAL, STATUTORY OR REGULATORY DIRECTION, VIOLATING A CONSTITUTIONAL MANDATE.

3.10. THE DEFENDANTS HAVE ACTED IN EXCESS OF THEIR AUTHORITY AGAINST PLAINTIFF OR THEIR AUTHORITY HAS BEEN EXERCIZED IN AN UNCONSTITUTIONAL MANNER.

3.11. THE DEFENDANTS HAVE ACTED BEYOUND THE SCOPE OF STATUATORY OR CONSTITUTIONAL AUTHORITY IN HARMING PLAINTIFF.

3.12 THE DEFENDANTS IN ACTING AGAINST THE PLAINTIFF HAVE VIOLATED AND EXPRESSED MANDATE BY STATUTE OR LAW, THEREBY ACTING OUT SIDE THE ZONE OF PERMISSABLE DISCRETION,

PG 10 OF 22

IN A "CLEAR ABSENCE OF ALL JURISDICTION".

3.13. THE DEFENDANTS HAVE OTHERWISE ABUSED THEIR DISCRETION AND ACTED CONTRARY TO LAW.

3.14. THE DEFENDANTS HAVE FAILED AND REFUSED TO MEET CERTAIN STATUATORY & REGULATORY OBLIGATIONS TO COMBAT DISCRIMINATION AND RETALIATION AGAINST THE PLAINTIFF.

3.15. THE DEFENDANT'S OFFICIAL PRIOR ACTS AND ACTIONS AGAINST THE PLAINTIFF, CONSTITUTE AN UNLAWFULL EXERCIZE OF THEIR POWERS AND ARE THEREFORE CONSTITUTIONALLY VOID.

3.16. THE ACTS AND "DUTIES" SOUGHT TO BE COMPELLED BY THE DEFENDANTS ARE "MINISTERIAL ACTS" WHICH THE LAW PRESCRIBES AND DEFINES AS MANDATORY "DUTIES" TO BE PERFORMED WITH SUCH PRECISION AS TO LEAVE NOTHING TO THE EXERCIZE OF DISCRETION.

3.17. THE DEFENDANT'S PRIOR CONDUCT EXTENDS BEYOUND ANY RATIONAL EXERCIZE OF

ALLOWABLE DISCRETION, THAT ~~EXCEPT~~ THEY ARE "VOID" AND UNLAWFUL EVEN IF FOUND TO BE "WITHIN THE "LETTER" OF THE AUTHORITY GRANTED TO THE DEFENDANTS.

3.18 THE PLAINTIFF HAS PREVIOUSLY FULLY EXHAUSTED BOTH ADMINISTRATIVE AND JUDICIAL REMEDIES AGAINST DEFENDANTS, AND IS LEFT WITH NO ALTERNATIVE ADEQUATE REMEDY AT LAW, THAN THIS ACTION FOR MANDAMUS.

3.19. THE PLAINTIFF HAS A CLEAR AND UNDISPUTED RIGHT TO THE RELIEF SOUGHT, AND THE DEFENDANTS HAVE A CLEAR CONSTITUTIONAL, STATUATORY OR REGULATORY DUTY TO PERFORM THE ACTS ~~TO~~ AND "DUTIES" DEMANDED.

3.20. THE PLAINTIFF, IN SEEKING TO PREVIOUSLY COMPEL THE DEFENDANTS ~~HAS BEEN~~ ~~STATE~~ TO PERFORM THEIR DUTIES HAS BEEN ~~SO~~ UNLAWFULLY SUBJECTED TO:

(a.) A DENIAL OF ACCESS TO THE COURTS, LAW LIBRARY AND LEGAL RESOURCES;

PG 12 OF 22

(b) DENIAL OF DUE PROCESS,
NOTICE, AND MEANINGFULL OPPORTUNITY
TO BE HEARD;

(c) A CONSPIRACY BY DEFENDANTS
TO CONCEAL OR COVER UP THE
PLAINTIFFS UNLAWFULL, ARRESTS,
DETENTIONS, INCARCERATION OR
PROSECUTIONS AND INVALID CRIMINAL
CONVICTIONS, ALL IN RETALIATION
BY THE DEFENDANTS, IN RESPONSE TO THE
PLAINTIFFS EXERCIZE OF ITS
CONSTITUTIONAL RIGHTS;

(d) KNOWING AND INTENTIONAL
DISCRIMINATION AND RETALIATION
AGAINST PLAINTIFF BY DEFENDANTS;

(e) A FALSIFICATION OF THE
PLAINTIFFS CRIMINAL HISTORY AND
FALSIFICATION OF AGENCY RECORDS,
AS TO PLAINTIFF, RESULTING IN
MULTIPLE ADVERSE AGENCY OR
JUDICIAL DETERMINATIONS AGAINST
PLAINTIFF;

(f) MULTIPLE CONTINUOUS AND
ONGOING UNLAWFUL SEARCHES SEIZURES OF
PROPERTY, PERSON, ALONG WITH
VIOLATIONS OF CIVIL AND CONSTITUTIONAL
RIGHTS OF PLAINTIFF.

13 OF 22
PC BEE

3.21   THE EQUITABLE AND PROCEDURAL STATUS AND POSTURE OF THIS CASE DEMONSTRATES THE NEED FOR PROMPT MANDAMUS, AS TO THESE ISSUES OF GREAT PUBLIC IMPORTANCE.

3.22   THAT THE PLAINTIFF IS CURRENTLY SUFFERING A "CONTINUING VIOLATION" OF HIS CONSTITUTIONAL RIGHTS BY THE DEFENDANTS, CONSTITUTING "IRREPARABLE INJURY", SO WARRANTING IMMEDIATE INJUNCTIVE AND MANDAMUS RELIEF. (SEE WALTERS v. THOMPSON, 615 F. Supp 330 AT 341 (1985), CITING TO WRIGHT & MILLER, FED. PRACTICE & PROCEDURE § 2948 AT 440, AND ELROD v. BURNS, 427 U.S. 347, AT 373 (1976).

14 OF 22
PG

# IV. PRAYER

4.1 THE PLAINTIFF PRAYS FOR A DECLARATORY JUDGMENT DECLARING THE DEFENDANTS DUTIES AND OBLIGATIONS AS TO THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION".①

4.2 THE PLAINTIFF PRAYS FOR A WRIT OF MANDAMUS AND INJUNCTION COMPELLING THE DEFENDANTS TO PERFORM THEIR DUTIES AND OBLIGATIONS IMPOSED BY THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION".①

4.3 THE PLAINTIFF PRAYS FOR A WRIT OF PROHIBITION, AND INJUNCTION, PROHIBITING THE DEFENDANTS FROM ENGAGING IN ACTS CONTRARY TO OR IN VIOLATION OF THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION".①

4.4 THE PLAINTIFF PRAYS FOR THE ISSUANCE OF EXECUTION AND ENFORCEMENT, UPON THE EXPARTE DEMAND OF THE PLAINTIFF, BY THE DEFENDANTS,

4.5 THE PLAINTIFF PRAYS FOR AN ORDER COMMANDING THE DEFENDANTS TO PAY TO, COLLECT OR TURN OVER TO THE

① INCLUDING THE CERTIFIED, MODERATED, PROMULGATED, EXEMPLIFIED OF ALL AGENCY RECORDS RELATED TO THE "FOREIGN JUDGMENTS", AND THE "ATTACHED EXECUTION", PURSUANT TO 5 U.S.C. § 552a, ROW 1G, § 7 and USC 446-20

PLAINTIFF THE LIQUIDATED DAMAGES, COMPENSATION, REAL & PERSONAL PROPERTY, AS ESTABLISHED BY THE "FOREIGN JUDGMENTS" AND THE "ATTACHED EXECUTION".

4.6   PLAINTIFF PRAYS FOR COSTS OF SUIT, ATTORNEY FEES, ACTUAL DAMAGES, PUNITIVE DAMAGES, PURSUANT TO 11 U.S.C. § 362(h),① AND OTHER PROVISIONS OF LAW.

DATED: 6/16/05    _____

INDIGENT DISABLED
UNLAWFULLY INCARCERATED
PRISONER & PLAINTIFF

VERIFICATION OF COMPLAINT

I, DUNCAN T. MCNEIL, III, HEREBY DECLARE THAT ALL STATEMENTS, AVERMENTS OR CLAIMS MADE IN THE HEREIN COMPLAINT ARE MADE IN GOOD FAITH, AND ARE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY, PURSUANT TO THE LAWS OF THE UNITED STATES.

DATED: 6/16/05    _____

PG 16 OF 22

AO 451 (Rev. 11/91)  Certification of Judgment

# United States District Court

Eastern _____ DISTRICT OF _____ Washington _____

Duncan J. McNeil

V.

David Baker, et al

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT

Case Number:  CS-97-435-RHW

I, _____ **James R. Larsen** _____, Clerk of the United States district court

certify that the attached judgment is a true and correct copy of the original judgment entered in this action on

_____ MAR 15 2002 _____, as it appears in the records of this court; and that

Date

*no notice of appeal from this judgment has been filed, and no motion of any kind
listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

_____ MAR 15 2002 _____

Date

**James R. Larsen**

Clerk

C. Kenney

(By) Deputy Clerk

*Insert the appropriate language: ... "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the
Federal Rules of Appellate Procedure has been filed." ... "no notice of appeal from this judgment has been filed, and any motions of the kinds listed
in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered
on [date]." ... "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." ...
"an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions; for judgment notwithstanding the verdict; to amend or make additional findings
of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

PG 17 of 22

1   Carlos Valero, WSBA#29192
    Law Offices of Carlos Valero
2   715 E. Sprague Ave, Suite 204
    Spokane, WA  99202-2142
3   Telephone  509-462-0000
    Facsimile 509-462-0007
4   Attorney for Counter-Claimants

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 3 0 2001

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

5

6

7

8                   UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON

9

10  DUNCAN J. McNEIL,                        Case No.  CS-97-435-RHW

11        Plaintiff,                         **STIPULATED ORDER RE:
                                             LIABILITY AND DAMAGES**
        v.
12
    DAVID BAKER, et. al.,
13
        Defendants.
14  ─────────────────────────────────
    CITIZENS AGAINST BANKRUPTCY &            Hearing Date: September 27, 2000
15  REAL ESTATE FRAUD L.P; et. al. ,         Hearing Time: 1:00 p.m.

16        Employers and Counter-Claimants,   Attest A True Copy
                                             James R. Larsen Clerk
        vs.                                  United States District Court
17                                           Eastern District of Washington
    JOHN T. POWERS, et. al.,
18                                           By _____
        Counter-Defendants.                          Deputy Clerk
19

20        Plaintiff Duncan J. McNeil ("Plaintiff") and Counter Claimants CITIZENS

21  AGAINST BANKRUPTCY & REAL ESTATE FRAUD LIMITED

22  PARTNERSHIP ("CITIZENS AGAINST"); BROADWAY BUILDINGS II L.P.
23
    ("BROADWAY"); CAPITAL FINANCE L.P. ("CAPITAL"); and EMERALD
24
    SERVICES GROUP ("EMERALD"), (hereinafter collectively referred to as

    "Counter-Claimants") hereby stipulate to the entry of a "Stipulated Order Re:

    Liability and Damages" in support of a "Stipulated Final Judgment on Less Than

28  All Claims; No Just Reason for Delay of Entry of Final Judgment on Less Than All

RECEIVED
SEP 26 2000
CLERK, U.S. DISTRICT COURT
SPOKANE, WASHINGTON

567

PG 18 of 22

1    Claims", entered concurrently herewith:

2                              **STIPULATED FACTS**

3         Plaintiff and Counter-Claimants hereby stipulate to the following facts:

4         1.  Counter-Claimants and Plaintiff hereby admit as true the factual

5    allegations contained in paragraphs 1 to 148 of the Plaintiff's First Amended

6    Complaint, filed in this action on July 30, 1999 as Ct. Rec #115.

7         2.  That at all times since May of 1996, Plaintiff was employed by Counter-

8    Claimants and is owed agreed compensation for the services performed by Plaintiff,

9    in the total amount of $309,610.00, see discussion *infra*.  That since June of 1996,

10   Plaintiff has performed valuable services for Counter-Claimants related to the

11   preservation and implementation of the JV/Loan Agreement and the confirmation

12   and implementation of Broadway's Confirmed Plan of Reorganization.  That

13   Plaintiff has no ownership interests in Counter-Claimants and is not an officer,

14   director, stockholder or equity holder of Counter-Claimants.  Plaintiff is and at all

15   times was, a retained independent consultant, performing valuable services for

16   Counter-Claimants, at the request and instruction of Counter-Claimants, for the

17   benefit of Counter-Claimants.

18        3. Were it not for Plaintiff's services, completed at the request and instruction

19   of the Counter-Claimants, Counter-Claimants would not have been able to preserve

20   and protect their interests in the JV/Loan Agreement and would not have been able

21   to obtain the confirmation and implementation of Broadway's Confirmed Plan of

22   Reorganization.

23        4. In May of 1996 and since that date, Counter-Claimants, through corporate

24   resolutions, court orders and other authorizations and instruction, have employed

25   Plaintiff and instructed Plaintiff to take all necessary action to: (1) investigate,

26   preserve and protect Counter-Claimant's claims against third parties; (2) preserve,

27   protect and implement Counter-Claimant's interests in the JV/Loan Agreement; (3)

28   obtain the confirmation and implementation of Broadway's Confirmed Plan of

*PG 19 of 22*

Reorganization; (4) formulate and implement a plan of reorganization for GMFT
Reorganization Corporation; (5) cause the unauthorized and forged deed wrongfully
encumbering the BROADWAY PROPERTY to be stricken and expunged; (6) cause
the unlawful Lis Pendens wrongfully encumbering the ANTLER PROPERTY to be
stricken and expunged; and (7) to take any and all other action necessary to preserve
and protect the Counter-Claimants business interests from the wrongful and
unlawful conduct of Third Parties.  (See paragraphs 1 to 148 as alleged in Plaintiff's
First Amended Complaint.)

5.  Were it not for the wrongful actions of Third Parties, Plaintiff would not
have had to perform the services described in paragraph #4, above.  Were it not for
the wrongful actions of Third Parties, Counter-Claimants would not have incurred
the herein obligation owed to Plaintiff.  Were it not for the wrongful actions of
Third Parties, Counter-Claimants would owe the Plaintiff no amount of unpaid
compensation.

6.  That pursuant to the course of conduct, written partnership agreements,
written employment agreements, and Broadway's Confirmed Plan of
Reorganization, Plaintiff is entitled to recover reasonable compensation from
Counter-Claimants, in the sum of at least $30/hr., plus expenses, for all services
which were requested and performed since June of 1996, as established herein.

7.  Due to the wrongful actions of Third Parties, Counter-Claimants have been
unable to pay to Plaintiff reasonable compensation, for the valuable services that
Plaintiff has performed since June of 1996.  Were is not for the wrongful actions of
Third Parties, the Counter-Claimants and related parties, Plaintiff would not have
been required to performed the services for Counter-Claimants, as described in
paragraph 4.

8.  Having completed satisfactory discovery and in order to avoid further
litigation expense and costs, Plaintiff and Counter-Claimants hereby stipulate that
Counter-Claimants are, jointly and severally indebted to Plaintiff as follows:

Ex A - 20020315 X-17 USDC-ED-WA Clerk's Certification of Judgments re salary max

a.  For the time period of June of 1996 to March of 1999, Plaintiff has claimed reasonable compensation in the amount of $129,021.00.  To avoid further litigation, Plaintiff and Counter Claimants hereby stipulate to Plaintiff being entitled to reasonable compensation in the sum of $120,000, for this time period, plus pre-judgment interest of 12% per annum, from November 1, 1997 on this amount, for a total sum of $162,600.00, for this period, due as of October 1, 2000;

b.  For the time period of March 1999 to March 2000, Plaintiff has claimed reasonable compensation in the amount of $94,114.00.  To avoid further litigation, Plaintiff and Counter Claimants hereby stipulate to Plaintiff being entitled to reasonable compensation in the sum of $90,000, for this time period, plus pre-judgment interest of 12% per annum, from September 1, 1999 on this amount, for a total sum of $101,880.00, for this period, due as of October 1, 2000;

c.  For the time period of March 2000 to October 1, 2000, Plaintiff has claimed reasonable compensation in the amount of $55,029.00.  To avoid further litigation, Plaintiff and Counter Claimants hereby stipulate to Plaintiff being entitled to reasonable compensation in the sum of $52,000, for this time period, plus pre-judgment interest of 12% per annum, from May 1, 2000 on this amount, for a total sum of $54,652.00, for this period, due as of October 1, 2000;

d.  That Plaintiff is entitled to reasonable compensation for services to be performed after October 1, 2000, in the sum of $6,450.00 per month, plus actual expenses, and interest at the rate of 12% per annum, until the successful implementation of the JV/Loan Agreement and the implementation of Broadway's Confirmed Plan of Reorganization.  Said amount to be set by subsequent stipulated order of this court.

9.  Based upon the foregoing, Plaintiff and Counter-Claimants stipulate that

Counter-Claimants are jointly and severally obligated and liable to Plaintiff in the sum of $319,132.00, for valuable services rendered from the time period of June of 1996 to October 1, 2000. Plaintiff and Counter-Claimants stipulate that said sum shall accrue post-judgment interest at the rate of 12% per annum, until paid in full.

10.  That Plaintiff and Counter-Claimants stipulate that Plaintiff is the prevailing party in this action, as to Counter-Claimants and that Plaintiff is entitled to an award of his attorney fees and costs in bringing this action. Said amount to be set by subsequent order of this court.

### ORDER OF THE COURT

**IT IS HEREBY ORDERED** that the foregoing "Stipulated Order Re: Liability and Damages" in support of a "Stipulated Final Judgment on Less Than All Claims; No Just Reason for Delay of Entry of Final Judgment on Less Than All Claims", is entered in favor of Plaintiff and against Counter-Claimants, jointly and severally.

**IT IS FURTHER ORDERED**, that the District Court Executive is directed to enter this "Stipulated Order Re: Liability and Damages" and to provide copies to counsel and Plaintiff.

Dated: __10/30/00__

_____
ROBERT H. WHALEY
United States District Judge

**So Stipulated:**

Dated: September 26, 2000

_____
Duncan J. McNeil, Plaintiff

Dated: September 26, 2000

_____
Carlos Valero, WSBA#29192
Law Offices of Carlos Valero
Attorney for Counter-Claimants

Entered in Civil Docket on 11/30/01

Stipulated Order Re: Liability and Damages – Page 5

Ex A - 20020315 X-17 USDC-ED-WA Clerk's Certification of Judgments re salary max